UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STAG INDUSTRIAL HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-11726-ADB |
| SOLAR SEAL LLC, SOLAR SEAL LLC, NAVERRA GLASS LLC, and O3 INDUSTRIES LLC | ) ) ) ) | **LEAVE TO FILE GRANTED: 02/26/2025** |
| Defendants. | ) ) ) | |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY TO
DEFENDANTS' PARTIAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant Solar Seal LLC ("Solar Seal DE") submits this surreply to address the misapplication of Massachusetts law that Plaintiff STAG Industrial Holdings, LLC ("STAG") urges upon this Court.[1] At issue is whether STAG is entitled to summary judgment on Count 1 of its Amended Complaint. This Court's decision turns in part on the existence of fact questions about whether STAG discharged its express contractual duty to mitigate damages.

STAG deals with this question by purporting to sweep away its duty. In its reply, STAG contends that "Massachusetts law is clear that 'in the case of an enforceable liquidated damages provision, mitigation is irrelevant and should not be considered in assessing damages.'" Reply at 6 (quoting NPS LLC v. Minihane, 451 Mass. 417, 423 (2008)). STAG accurately quotes Minihane for the proposition that when a contract contains a liquidated damages provision and no mitigation clause, Massachusetts law imposes no duty to mitigate. But Minihane says no

---

[1] Solar Seal DE is the sole tenant on the Lease. Defendants Solar Seal LLC ("Solar Seal MA"), Naverra Glass LLC ("Naverra Glass"), and O3 Industries LLC ("O3 Industries") are not Parties to the lease, and STAG's motion does not concern them.

1

more than that.  Exhibit A hereto is a true and correct copy of the contract at issue in Minihane; Exhibit B is a true and correct copy of the contract at issue in Cummings Properties, LLC v. Hines, 492 Mass. 867 (2023), which STAG also cites.  As this Court can see, neither contains an express mitigation clause, and the Minihane contract expressly states that mitigation is not required.  See Ex. A § 15 ("Owner shall have no duty to mitigate any damages incurred by it as a result of a default…").

Similarly, STAG quotes Hines for the valid but inapposite proposition that "we [i.e., the Supreme Judicial Court of Massachusetts] never have required that the amount of a liquidated damages clause take into account any future rents collected from a new tenant to be enforceable."  Reply at p. 7 (quoting Hines).  The statement accurately recites the SJC's construction of liquidated damages clauses – like the one at issue in Hines – in isolation.  But Hines says nothing about mitigation clauses or about contracts containing both liquidated damages clauses and agreements to mitigate.  Therefore, like Minihane, Hines says nothing about the issue before this Court, which is whether to invalidate the express mitigation clause in the Lease.  Such erasure of an express lease term is really what STAG asks this Court to do. STAG offers no law in support.

On the question whether this Court must enforce a commercial lease's express mitigation provision, the answer, according to Massachusetts law, is yes.  In Krasne v. Tedeschi & Gracco, 436 Mass. 103, 109 (2002), the Supreme Judicial Court Massachusetts, construing a commercial lease containing a landlord's duty of "commercially reasonable" mitigation by "reletting the premises to a new tenant," held that the landlord was required to take commercially reasonable steps to mitigate its alleged damages.  Id. (citing Restatement (Second) of Property, Landlord and Tenant § 12.1(3), Comment (g)); see also Braintree Prop. Assocs., LP v. Marzouki, No. 15-

00144, 2017 WL 5329880 (Mass. Super. Ct. Sept. 26, 2017) (Ricciuti, J.) (commercial parties are free to contract regarding mitigation terms).  These cases are in accord with the fundamental canon of construction that express contractual terms must be given their full and intended effect.  See, e.g., James B. Nutter & Co. v. Estate of Murphy, 478 Mass. 664, 673 (2018) ("It is neither reasonable nor practical to interpret [a contract] clause as being meaningless." (quoting Shea v. Bay State Gas Co., 383 Mass. 218, 225 (1981)); Berger v. Victory Realty Trust, 329 Mass. 74, 77-78 (1952) ("It is a well settled principle that a construction rendering a contract valid and enforceable is to be preferred to one which makes it void or its performance impossible or meaningless." (quoting Talbot v. Rednalloh Co., 283 Mass. 225, 230 (1933)).

Foreign jurisdictions agree that where parties to a lease have included a mitigation clause, mitigation is relevant to a damages analysis even where a liquidated damages clause also exists.  "[P]arties are free to vary the general rule – that mitigation of damages is not required where a valid liquidated damages provision exists – by including in their contract, along with a liquidated damages provision, a clause requiring mitigation of damages." Stein Eriksen Lodge Owners Assoc. Inc. v. MX Techs, Inc., 508 P.3d 138, 156 n.11 (Utah Ct. App. 2022).  As stated in the Restatement (Second) of Property, Landlord and Tenant § 12.1(3), a landlord may not be required to mitigate "[e]xcept as to the extent the parties to the lease validly agree otherwise" (emphasis added) (underline added).  See also Comment (i) (if there is a lease provision requiring mitigation, "the landlord is required [upon abandonment] to take reasonable steps to obtain a new tenant on terms that will mitigate the original tenant's liability as much as is feasible under the circumstances."); Comment (g) ("[T]he landlord may have to take reasonable steps to mitigate the payments required of the tenant by reletting the premises.").  Stein Eriksen's

persuasive value is confirmed by its reliance – like the Supreme Judicial Court's in <u>Krasne v. Tedeschi & Gracco</u>, 436 Mass. 103, 109 (2002) – on Comment (g).

Federal courts, too, have held that contractual language requiring mitigation will overcome the absence of a common-law duty to mitigate. <u>Odens Family Props., LLC v. Twin Cities Stores, Inc.</u>, 393 F.Supp.2d 824 (D. Minn. 2005) (though Minnesota common law created no obligation for commercial landlords to mitigate, the contract at issue's "mitigation clause impose[d] a duty upon [commercial landlord] to mitigate damages.").

For these reasons, STAG's argument that Massachusetts law extinguishes an express contractual duty to mitigate where liquidated damages are at issue should be wholly disregarded as an inaccurate statement of the law.

                                                            Respectfully submitted,

                                                            By their attorneys,

                                                            SOLAR SEAL LLC, SOLAR SEAL LLC, NAVERRA GLASS LLC, and O3 INDUSTRIES LLC,

                                                            <u>/s/ Daniel J. Dwyer</u>
                                                            Daniel J. Dwyer (BBO No. 567026)
                                                            Mary Petronio (BBO No. 713542)
                                                            Verrill Dana LLP
                                                            One Federal Street, 20th Floor
                                                           Boston, MA 02110
                                                           ddwyer@verrill-law.com
                                                           (617) 309-2600

Dated: February 26, 2025

**CERTIFICATE OF SERVICE**

      I, Daniel J. Dwyer, hereby certify that, on February 26, 2025, I electronically filed the foregoing document with the U.S. District Court for the District of Massachusetts through the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants.

                                                 */s/ Daniel J. Dwyer*
                                                 Daniel J. Dwyer